UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

HUD-FIVE, LLC,

Case No. 6:09-bk-15479-KSJ

Debtor.

Chapter 11

PARK NATIONAL BANK'S MOTION TO DISMISS
AS A BAD FAITH FILING, OR ALTERNATIVELY,
FOR RELIEF FROM THE AUTOMATIC STAY

Secured creditor, PARK NATIONAL BANK, a national banking association ("PNB"), by and through its attorneys, and pursuant to Bankruptcy Code §§ 1112(b) and 362(d)(1) and Bankruptcy Rule 9014, moves this Court to: (i) dismiss this case as a bad faith filing, or, alternatively, (ii) grant PNB relief from the automatic stay in order to permit PNB to complete the foreclosure on its mortgage lien, including the sale of PNB's collateral. In support of the Motion, PNB states as follows:

## BACKGROUND

1. The Debtor's sole asset is real estate located at 420 West State Road 436, Altamonte Springs, Florida 32714.

2. The Debtor conducts no active business.

3. Debtor's Chapter 11 Bankruptcy Petition indicates that Debtor is "single asset real estate" according to 11 U.S.C. § 105(51B) and further indicates that its only business is being the "owner of real estate." *See Exhibits to Debtor's Chapter 11 Petition.*

4. The Debtor owes PNB the principal sum of **$12,774,053.05**, which is secured by a first mortgage on Debtor's real estate.

5. Debtor failed to make the payment to PNB due on July 2008, resulting in PNB bringing a foreclosure action in the Circuit Court for the 18th Judicial Circuit in Seminole County, Florida (Case No. 08-CA-4743-14-G) (the "State Court Action") against Debtor in August 2008.

6. After filing the State Court Action and pursuant to an oral agreement with Debtor, PNB agreed to stay the foreclosure action against Debtor if Debtor made interest-only payments to PNB through December 2008 and fully reinstated by January 2009.

7. The Debtor did not reinstate in January 2009 and, in February 2009, the Debtor stopped making any payments to PNB.

8. On September 2, 2009, PNB obtained an Order in the State Court Action pursuant to Florida Statute 702.10(a), ordering the Debtor to make monthly payments to PNB beginning on October 1, 2009, and giving PNB the right to obtain a writ of possession from the State Court if the Debtor did not make the required monthly payments. A copy of the Order is attached as **Exhibit "A."**

9. The Debtor failed to make the October 1, 2009, monthly payment required by the State Court Order and filed this Bankruptcy Proceeding on the eve of the issuance of a writ of possession in the State Court Action to prevent losing possession of the property.

10. PNB believes that the Debtor filed bankruptcy solely for the purpose of seeking to prevent PNB from going forward with the foreclosure of its mortgage lien.

## THIS CASE HAS BEEN FILED IN BAD FAITH AND SHOULD BE DISMISSED PURSUANT TO BANKRUPTCY CODE §1112(b)

11. It is well-settled in the Eleventh Circuit that a bankruptcy case filed in bad faith constitutes "cause" for dismissal of the case under Bankruptcy Code § 1112(b). *See* In re

Phoenix Piccadilly, Ltd., 849 F.2d 1393 (11th Cir. 1988); In re Albany Partners, Ltd., 749 F.2d 670 (11th Cir. 1984).

12.     According to the Eleventh Circuit in Phoenix Piccadilly, there is no particular test for determining whether a debtor has filed a petition in bad faith; rather, courts are free to consider factors that evidence an "intent to abuse the judicial process and the purposes of the reorganization provisions", in particular, factors that evidence that the petition was filed "to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." *See* In re Phoenix Piccadilly, Ltd., 849 F.2d at 1394-95 (citing In re Albany Partners, Ltd., 749 F.2d at 674).

13.     In evaluating whether a petition has been filed in bad faith, the Eleventh Circuit has developed several circumstantial factors evidencing bad faith:

> (i) The debtor has only one asset, in which it does not hold legal title;
>
> (ii) The debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors;
>
> (iii) The debtor has few employees;
>
> (iv) The property is the subject of a foreclosure action as a result of arrearages on the debt;
>
> (v) The debtor's financial problems involve essentially a dispute between the debtor and the secured creditor which can be resolved in the pending state court action; and
>
> (vi) The timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights.

*See* In re Phoenix Piccadilly, Ltd., 849 F.2d at 1394-95[1]. Judicial findings of bad faith are predicated on a mix of some, but not all, of these circumstantial factors of bad faith. Id.

---

[1] The viability of Phoenix Piccadilly and Albany Partners was affirmed by the Eleventh Circuit in In re State Street Houses, Inc., 356 F.3d 1345, 1347 (11th Cir. 2004), where it held that

14. It is also well-settled that, if an evaluation of these factors supports a finding of bad faith, then the debtor's case must be dismissed, irrespective of whether the debtor has equity in its property and the potential for a successful reorganization:

> Because the bankruptcy court found that a bad faith filing had occurred, it properly did not change the consequences of that finding simply because of the debtor's possible equity in the property or potential for successful reorganization. We reject the debtor's argument that the bankruptcy court cannot ever dismiss a case for bad faith if there is equity in the property because the presence of equity indicates the potential for a successful reorganization. Rather, as this Court stated in In re Natural Land:
>
>> the taint of a petition filed in bad faith must naturally extend to any subsequent reorganization proposal; thus, any proposal submitted by a debtor who filed his petition in bad faith would fail to meet section 1129's good faith requirement.
>
> 825 F.2d at 298. The possibility of a successful reorganization cannot transform a bad faith filing into one undertaken in good faith.

*See* In re Phoenix Piccadilly, Ltd., 849 F.2d at 1395. *See also* In re Lotus Investments, Inc., 16 B.R. 592, 594 (Bank. S.D. Fla. 1981) (secured creditor demonstrated bad faith justifying case dismissal and stay relief despite the fact that their was equity in the debtor's property).

15. The debtor has the burden of proof to show that its bankruptcy petition was filed in good faith. *See* In re Lotus Investments, Inc., 16 B.R. at 595; In re RAD Properties, Inc., 84 B.R. 827, 829 (Bank. M.D. Fla. 1988).

16. As set forth in the Background Section above and summarized below, most of the Phoenix Piccadilly factors evidencing bad faith are present in this case:

---

"the guidelines set forth by this Court in [Phoenix Piccadilly and Albany Partners] have not been modified by the Bankruptcy Reform Act of 1994."

4

       i.      The Debtor's only asset consists of a parcel of real estate.

      ii.     The Debtor has very few unsecured creditors.

     iii.     The Debtor has no business operations.

     iv.     The Debtor stopped making loan payments to PNB in July 2008 and ceased making any payments to PNB in January 2009.

      v.     As of the Petition Date, the Debtor's property was the subject of a foreclosure action by PNB.

     vi.     The Debtor's financial problems involve essentially a dispute between the Debtor and its secured creditor (PNB) which can be resolved in the pending State Court Action.

     vii.     The timing of the Debtor's filing of its Chapter 11 Petition, just days before PNB was to obtain a writ of possession in the State Court Action, indicate the Debtor's actions are in bad faith.

17. It has been firmly established that "Chapter 11 is not intended to be used simply as a means of preventing a creditor from enforcing its claims." See In re Mildevco, Inc., 40 B.R. 919, 193 (Bank. S.D. Fla. 1984). Rather, the purpose of Chapter 11 is to assist financially distressed companies by providing them certain protections in order to return to a profitable state. The purpose of the Debtor's filing, on the other hand, is to frustrate PNB's rights to foreclose its mortgage and its pursuit against Mr. Hudson, as guarantor. The Debtor has not paid interest to PNB for more than nine months, evidencing the fact that the Debtor's filing of Chapter 11 was due to the fact that PNB was within days from obtaining a write of possession to take possession of Debtor's real estate and not an intent to revive the business.

18. The instant case is very similar to the facts and circumstances in In re Brandywine Assoc.'s Ltd., 85 B.R. 626 (Bank. M.D. Fla. 1988). In Brandywine, as in the instant case, the debtor had no employees, no material unsecured creditors, the debtor had been unable to generate sufficient cash flow to service its debt, and filed bankruptcy to delay a foreclosure. Id. at 628. Furthermore, the testimony of the debtor's principals clearly established that the

filing of a petition was due to the imminent foreclosure action, after the debtor was unable to successfully extract concessions from the secured creditor. Id. This Court granted the secured creditor's motion to dismiss in Brandywine. Id. The result in the instant case should be no different.

19. The Debtor may argue that this case was not filed in bad faith and, instead, reflects a sincere attempt to return the business to a viable state similar to In re Harco Company of Jacksonville, LLC, 331 B.R. 453 (Bank. M.D. Fla. (2005). However, in In re Harco Company of Jacksonville, LLC, this Court considered the fact that the debtor's business was generating much more money months after the petition date than it did leading up to the petition date, that the debtor's principals sold property and lent the debtor money to pay its secured creditors and that the debtor's principals waived their rights to compensation during the pendency of the case before deciding that the case was not filed in bad faith. Id. at 459. However, in the instant case, the facts are much different than the facts in In re Harco Company of Jacksonville, LLC. In the instant case, the Debtor has not demonstrated a method of generating enough money to service its secured debt obligations, the Debtor's principals have not funded the debt payments to PNB and the Debtor has no operations.

20. The Debtor's filing of Chapter 11 simply to prevent PNB from enforcing its rights in the State Court Action should not be condoned. The Debtor's Chapter 11 case should be dismissed as a bad faith filing.

## BAD FAITH CONSTITUTES "CAUSE" FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO § 362(d)(1)

21. It is well-settled that a bad faith bankruptcy filing constitutes sufficient cause for relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code. *See, e.g.,*

In re Phoenix Piccadilly, 849 F.2d at 1394; In re Lotus Investments, Inc., 16 B.R. at 595-96; In re Star Trust, 237 B.R. 827, 833 (Bank. M.D. Fla. 1999).

22. The tests for bad faith are the same for both dismissal and for relief from the automatic stay. *See* In re Phoenix Piccadilly, 849 F.2d at 1394. As demonstrated above, the Debtor's bankruptcy filing in these circumstances is a classic bad faith filing. Thus, in the alternative, PNB requests relief from the automatic stay in order to proceed with the State Court Action.

## REQUESTED RELIEF

23. For the reasons set forth above, PNB respectfully requests that (i) the Debtor's Chapter 11 bankruptcy be dismissed as a bad faith filing, or, alternatively (ii) grant relief from the automatic stay to PNB in order to complete the foreclosure on its mortgage lien, including the sale of PNB's collateral.

Dated this 22nd day of October, 2009.    FOLEY & LARDNER LLP

*/s/ E. Robert Meek*
E. Robert Meek, Florida Bar No. 0302910
One Independent Drive, Suite 1300
Jacksonville, FL  32202-5017
P. O. Box 240, Jacksonville, FL  32201-0240
Telephone:  904.359.2000
Facsimile:  904.359.8700

and

Kevin A. Reck, Florida Bar No. 0505552
Foley & Lardner LLP
111 North Orange Avenue, Suite 1800
Orlando, FL  32801-2386
Telephone: 407.423.7656
Facsimile: 407.648.1743

Attorneys for PARK NATIONAL BANK

JACK_1678667.1

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Park National Bank's Motion to Dismiss as a Bad Faith Filing, or Alternatively, for Relief from the Automatic Stay* has been served electronically or by U.S. Mail on the Debtor, Debtor's counsel, the United States Trustee and the Local Rule 1007(d) Parties in Interest on this 22nd day of October, 2009.

/s/ E. Robert Meek
Attorney

**6:09-bk-15479-KSJ** Hud-Five, LLC
Case type: bk **Chapter:** 11 **Asset:** Yes **Vol:** v **Judge:** Karen S. Jennemann
**Date filed:** 10/13/2009 **Date of last filing:** 10/21/2009

# Creditors

**APS Security**
545 Ballough Rd
Daytona Beach, FL 32114
(17077631)
(lr1007)

**City of Altamonte Springs**
225 Newburyport Ave
Altamonte Springs, FL 32701
(17077633)
(lr1007)

**Earth Touch Landscaping**
PO Box 780303
Orlando, FL 32878
(17077634)
(lr1007)

**Media One**
PO Box 1209
Winter Park, FL 32790
(17077637)
(lr1007)

**Park National Bank**
c/o E. Robert Meek, Esq.
Foley & Lardner LLP
1 Independent Drive, Suite 1300
Jacksonville, FL 32202-5017
(17087395)
(lr1007)

**Scott Sackman**
PO Box 40891
St Petersburg, FL 33743
(17077640)
(lr1007)

**SJ Hall Contruction**
PO Box 40891
St Petersburg, FL 33743
(17077642)
(lr1007)

**TW Telecom**
Dept# CH10118
Palatine, IL 60055
(17077643)
(lr1007)

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

**PARK NATIONAL BANK,**
a national banking association,

    Plaintiff,

vs.                                                                                  Case No. 08-CA-4743-14-G

**HUD-FIVE, LLC**, a Florida limited liability
company, **A & J RENTALS, LLC**, a Florida
limited liability company, **HUD-TWENTY-
THREE TAMPA, LLC**, a Florida limited
liability company, **HUD-TWENTY-FIVE
OCOEE, LLC**, a Florida limited liability company,
**C. FRED HUDSON, III**, an individual,
and **C. FRED HUDSON, III, DECLARATION
OF TRUST DATED MAY 23, 1990 REINSTATED
IN ITS ENTIRETY BY AMENDED AND
RESTATED DECLARATION OF TRUST
DATED JULY 16, 1996**,

    Defendants.
_____/

### ORDER

THIS CAUSE came on to be heard this 2nd day of September 2009, on the Court's July 29, 2009 Order to Show Cause pursuant to Section 702.10(2), *Florida Statutes*, and the Court having heard the arguments of counsel, reviewed the pleadings, and being otherwise duly advised in the premises, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1. The Defendants in this matter are ordered to make the monthly payments under the subject promissory notes in this matter at intervals according to the notes before acceleration or maturity.

2. The monthly payments are to begin on ___Oct. 1___, 2009.

1



3. If the Defendants default or fail to make any monthly payment during the pendency of this proceeding, then the Plaintiff may file a Verified Notice of Default with the Court and contemporaneously serve the same on the Defendants.

4. Not less than _____ten_____ (_10_) days, after filing and serving a Verified Notice of Default, the Court will issue a writ of possession to the Plaintiff, and a copy of the writ of possession shall be served upon the Defendants.

**DONE AND ORDERED** in Chambers in Sanford, Seminole County, Florida, this 2nd day of September, 2009.

/s/Michael J. Rudisill

THE HONORABLE MICHAEL RUDISILL
Circuit Court Judge

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was furnished to: **Kevin A. Reck, Esq.**, Foley & Lardner, LLP, 111 N. Orange Avenue, Suite 1800, Orlando, FL 32801-7656 and **Jason H. Klein, Esq.**, Latham, Shuker, Eden & Beaudine, LLP, 390 N. Orange Avenue, Suite 600, Orlando, FL 32801, this 2nd day of September 2009, by U.S. Mail.

Judicial Assistant/Attorney